IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> JEREMY ARIS MÉNDEZ-RODRÍGUEZ (1), <br><br> Defendant. | **Crim. No. 24-00402 (GMM)** |

**OPINION AND ORDER**

Pending before the Court are Defendant Jeremy Aris Méndez-Rodríguez's ("Méndez" or "Defendant") *Motion to Suppress* and Magistrate Judge Héctor L. Ramos-Vega's *Report and Recommendation*. (Docket Nos. 50, 75). Having conducted the appropriate review and with the benefit of a complete evidentiary record, the Court **ADOPTS** the *Report and Recommendation* and **GRANTS IN PART AND DENIES IN PART** Méndez's *Motion to Suppress*.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On October 16, 2024, a grand jury returned an Indictment against Méndez, charging him with possession of a machinegun, in violation of 18 U.S.C. § 922(o) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); possession of a machinegun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii) (Count Three); and possession with

intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and (b)(1)(D) (Counts Four, Five, and Six). (Docket No. 11).

The charges arise from Méndez's arrest on October 8, 2024, during a police intervention at La Perla in San Juan. (Docket No. 1-1). According to the *Affidavit in Support of Criminal Complaint*, Puerto Rico Police Bureau agents ("PRPB agents") initiated a work plan targeting a known high-crime area and drug point. Upon entering the area, agents observed Méndez, who began running. One agent testified that Méndez was holding a clear plastic bag containing smaller baggies with a white substance.

Méndez fled through several alleys before being detained. A search of his person yielded suspected controlled substances, money, and an Apple iPhone. Approximately five minutes later, a different PRPB agent, while inspecting the surrounding area, discovered a black and red backpack inside what was described as a dilapidated and abandoned structure located along one of the alleys through which Méndez had fled. Inside the backpack, the agent found a loaded Glock pistol equipped with a machinegun conversion device, three cellular phones, identification documents bearing Méndez's name, $650 in cash, ammunition, a digital scale, and controlled substances.

On June 25, 2025, Méndez filed a *Motion to Suppress* arguing that all evidence should be suppressed due to lack of probable

cause. (Docket No. 50). Therein, Méndez argued that he "left his backpack on top of his motorcycle in an alley of La Perla." (Id. at 2). To support this version of facts, Méndez submitted an *Unsworn Declaration Under Penalty of Perjury*. (Docket No. 50-1).

After an evidentiary hearing on August 15, 2025, Magistrate Judge Ramos-Vega issued a *Report and Recommendation* recommending suppression of the evidence seized from Méndez's person but denying suppression of the contents of the backpack. (Docket No. 75).

Méndez objects only to the finding that the backpack was abandoned. (Docket No. 76). The Government responds that abandonment was established by a preponderance of the evidence. (Docket No. 83).

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Criminal Procedure 59(b), the Court conducts de novo review of those portions of a report and recommendation to which specific objection is made.

Portions not objected to may be adopted so long as there is no clear error on the face of the record. López-Mulero v. Vélez-Colón, 490 F. Supp. 2d 214, 218 (D.P.R. 2007).

### III. APPLICABLE LAW AND DISCUSSION

#### A. Unlawful Arrest and Suppression of Evidence Seized from Méndez's Person

Neither party objects to the Magistrate Judge's finding that the arrest was unlawful and that the evidence seized from Méndez's person must be suppressed.

Having independently reviewed the record, the Court finds no clear error in that determination. The Court adopts the Magistrate Judge's credibility findings. See United States v. Hernández-Rodríguez, 443 F.3d 138, 147–48 (1st Cir. 2006); United States v. Raddatz, 447 U.S. 667, 680–81 (1980).

#### B. The Backpack and the Doctrine of Abandonment

The sole remaining issue is whether Méndez retained a reasonable expectation of privacy in the backpack.

##### 1. Independence from the Unlawful Arrest

As a threshold matter, abandonment must be voluntary and not the product of unlawful police conduct. If property is discarded prior to a Fourth Amendment "seizure," it is not the fruit of unlawful police action. California v. Hodari D., 499 U.S. 621, 629 (1991).

The record reflects that the backpack was not in Méndez's possession at the time of arrest. It was located by a different officer in a separate area minutes later. There is no evidence that the backpack was seized incident to arrest or as a direct

product of the unlawful detention. The abandonment analysis therefore proceeds independently.

Méndez's objection on this ground is **OVERRULED**.

### 2. Credibility of Testimony Regarding Location

The Magistrate Judge credited Agent Cardé-Rosado's testimony that he located the backpack inside a dilapidated structure surrounded by trash and debris.

After reviewing the transcript and exhibits, this Court finds no basis to disturb that credibility determination. The testimony was internally consistent and corroborated by photographic evidence admitted at the hearing. Alleged inconsistencies with another officer's testimony do not render Agent Cardé-Rosado's account implausible; the Magistrate Judge reasonably concluded that both accounts could be true.

Because no serious credibility concerns arise, the Court declines to conduct a new evidentiary hearing. *See* Raddatz, 447 U.S. at 681 n.7.

This objection is **OVERRULED**.

### 3. Abandonment

The Fourth Amendment protects only those privacy expectations that society recognizes as reasonable. A person who voluntarily abandons property forfeits any reasonable expectation of privacy in it. When abandonment occurs prior to seizure, the Fourth Amendment is not implicated. Hodari D., 499 U.S. at 629.

The Government bears the burden of establishing abandonment by a preponderance of the evidence. Courts examine the totality of the circumstances, focusing on objective manifestations of intent, including physical relinquishment and disclaimers of ownership.

Here, no witness observed Méndez physically discard the backpack. However, the undisputed evidence shows that: (a) the backpack was found in a dilapidated, open structure accessible to the public; (b) it was surrounded by garbage and debris; (c) no motorcycle was present nearby; (d) Méndez was not in possession of the backpack at the time of arrest; and (e) he took no steps to safeguard the bag or assert control over it. *See* California v. Greenwood, 486 U.S. 35, 39-42 (1988).

Although identification documents were inside the backpack, ownership alone does not establish a continuing reasonable expectation of privacy. Also, whether the defendant harbored a desire to reclaim the property later, but was unable to, is irrelevant. The finding of abandonment is about the objective relinquishment of privacy interests, not formal property rights. "The test for determining legitimacy of an expectation of privacy 'is not whether the individual chooses to conceal assertedly private activity, but instead whether the government's intrusion infringes upon the personal and societal values protected by the Fourth Amendment.'" United States v. Scott, 975 F.2d 927, 930 (1st Cir. 1992) (*quoting* California v. Ciraolo, 476 U.S. 207, 212

(1986)). Thus, the relevant inquiry is an objective one: if Méndez retained a reasonable expectation of privacy of the items alleged to be abandoned.

By leaving the backpack unattended in an exposed and publicly accessible location that was surrounded by debris and garbage, Méndez ran the risk that strangers would discover it. Under the totality of the circumstances, the Government has established by a preponderance of the evidence that Méndez voluntarily relinquished any objectively reasonable expectation of privacy in the backpack.

Accordingly, the warrantless search of the backpack did not violate the Fourth Amendment.

Méndez's *Motion to Suppress* is **DENIED** as to the backpack.

## IV. CONCLUSION

For the reasons set forth above, the Court **ADOPTS** Magistrate Judge Ramos-Vega's *Report and Recommendation* and **GRANTS IN PART AND DENIES IN PART** the *Motion to Suppress*. Accordingly, only the evidence seized by the police from the Méndez's person at the time of his arrest should be suppressed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on February 20, 2026.

/s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE